By the Court. Oakley, Ch. J.
This action is brought to recover the amount of a promissory note made by the defendant, dated the 23d of September, 1850, by which he promised to pay on demand, after date, to the order of the plaintiff $7500, value received.
For two years prior to the date of the note, Evans, Davis and Lownd had been partners. That firm, the name of which was Evans, Davis & Co., owed the plaintiff $14,069.38, for money ad-' vanced to it; that firm dissolved, and the plaintiff surrendered its notes, and took new notes, one of them being the note.in question, and another note, in all respects like it, made by Evans.
Upon these facts alone, the only change of liability is this:— The plaintiff relinquished the liability of the firm and the notes made by it, and took for the same claim the individual- notes of two members of that firm, viz.: the note of each for half of the amount of the whole claim. Before these ’notes were given, Davis, as one of the firm of Evans, Davis & Co., was liable for the whole debt. That liability has been converted, as to him, into his individual liability for $7500.
Ip there any thing in the other facts of the case 'which impairs this liability ?
On the date of this note, Davis & Evans, as parties of the first *561 part, entered into a written agreement with David S. Dodge, as party of the second part, to form a partnership between themselves, under the name of Davis, Evans & Dodge, to continue for the term of ten years. The agreement thus signed, makes them the only parties constituting the firm, and the only persons who were to participate in its profits. The plaintiff, instead of compelling the old firm to pay the money he had lent it, and thus diminish its assets accordingly, agreed to continue the loan, treating it as one made to the new firm, and he was made a creditor of the new firm on its books, to a corresponding amount, Brown agreed that this sum might remain in the new firm “ during the continuance of the said copartnership,” “ he receiving interest for the same at the rate of seven per cent, per annum.” The new firm failed within a year after it was formed, and thenceforth ceased to exist, and has paid no part of the principal nor any interest.
Dodge was to contribute, as capital, $20,000, in three instalments. The theory of the agreement seems to be, that this sum was treated as equivalent to a third interest in the business as it stood, because, without declaring in terms of what the capital of Evans & Davis should• consist, it declares that “it is understood that any difference in the amount of capital furnished by either shall be adjusted by interest.”
There is no agreement on the part of Brown to look exclusively to the new firm, as his debtor for the $15,000. He continued the liability of Dax is & Evans, by taking the note of each for $7500. That liability he now seeks to enforce. The indorsement on the back of the note, in connection with the written papers signed by the plaintiff, might be a defence to a suit on the note, if the firm of Evans, Davis & Dodge was continuing. But that firm ceased to exist long before this suit was brought, and was owing some $30,000 more than it could pay. Brown now seeks to collect his note. Looking at its terms only, it is due; looking at the agreement, as to the time the new firm should have the $15,000, and the fact that such firm has ceased to exist, it is due.
A party is never bound to prosecute the principal debtor, as a condition precedent to his right to sue the surety, unless such suit is required by the terms of his contract, or necessarily implied from the terms used. (Morris v. Wadsworth, 17 Wend. 103.)
It is quite clear, at all events, as between the plaintiff and de *562 fendant, that this $15,000 was not to be at the risk of the success of the new firm. By the terms of the partnership agreement, to'" which the plaintiff assented by signing it, the $15,000 “ was to remain in the new concern during- the continuance of the partnership,” and the defendant gave this note to secure to the plaintiff actual payment of one half of that sum. If he put it at risk, as between himself and the firm, he did so only on the terms of having the note of the defendant for half of the amount, and of Evans for the other half. The plaintiff was to have only interest and no profits. The three members of the firm were to have all the profits, and consequently were to bear all the losses.
We think the note is upheld by sufficient consideration, and was due when the action was brought. There is no suggestion that it was not due, if the claim as between the plaintiff and the firm was due. The claim of the plaintiff against the firm was due when the firm ceased to exist as such.
But it is alleged that the note was an illegal contract, and against public policy, and, therefore, no recovery upon it should be permitted. We do not think the facts proved justify the conclusion of any actual fraudulent intent, on the part of the plaintiff. He had, in fact, advanced to the old firm about $15,000. It was represented by enough of the assets of the new firm to pay it. It was to be continued in the new firm. There is not the slightest reason to suppose that either he or Mr. Dodge supposed there was any ground to doubt the success of the new firm. There is none to suppose that Evans & Davis did, unless it is to be inferred from the fact that the firm failed within a year after it was formed, and that an actual subsequent investigation disclosed that the old firm was insolvent at the time the new one was formed.
Brown was probably gratified with the idea of being advertised. as a special partner, who had put in $15,000 cash; but there is nothing to j ustify the idea, that it was any part of his purpose to contribute to a credit, with the expectation or belief that it would be the cause of loss to those who might deal with the new firm.
Giving effect to the contract of the parties, as between themselves, will not necessarily tend, -of itself, to produce a fraud on the public. It will neither diminish the means which they otherwise might reach, nor impair the remedies to which they otherwise might resort, to collect their demands.
*563 All that was done and advertised did not create a limited partnership, under the statute. Brown may be liable, as a general partner, to all who have dealt with the firm. (1 R. S. 765, § 8.)
But holding Evans & Davis individually liable upon their notes to the plaintiff, will not withdraw from the legal or equitable process of the courts any property that could be reached by a judgment against the general partners, so called, and subsequent proceedings founded upon it. A judgment against the firm, and appropriate ulterior proceedings, will reach all the individual property of each, as well as all the effects of the firm.
This case is unlike an action by one of several creditors, upon a note given to him by a debtor, for an amount beyond his proportion of the amount which each creditor of such debtor had agreed to take, of his claim or demand, and discharges the debtor, in cases where the composition agreement is made upon the representation that all have agreed to come in on equal terms. To allow a recovery in such a case, would operate as a fraud on those who released their own claims for a stipulated percentage on the faith that the creditor, who secretly stipulated for payment of the whole of his claim, had also released his claim on receiving the like percentage.
If the assets of the firm, and the individual property of each, are sufficient to satisfy the creditors of the firm, they will obtain payment. If insufficient, several judgments in favor of one of the firm against two of its members will not diminish their means or chances of obtaining payment.
If the fact had been found by the jury, upon sufficient evidence, or if we ought to hold, as a matter of law, upon the facts found, that it was the design of the parties, by this arrangement, to defraud the public, the court might very properly refuse to enforce any claim of either against the other, founded on such an arrangement. But the plaintiff wras not to have, in any event, more than a debt justly his due, and which, for aught that appears, the partners in the old firm were able to pay. This debt, and interest upon it, were all the advantages for which he stipulated. He had no motive, and there is nothing to justify the belief, that he was a party to an actual intent to defraud the public.
The certificate published contains false statements, and as a necessary consequence, the plaintiff may be liable for engagements of *564 the firm, and yet he may not have contemplated, and probably did not contemplate, such a contingency, as that the firm should be without means sufficient to pay its debts, as at all likely to occur.
We think the plaintiff should have judgment on the verdict.